## BROWN & ROOT, Inc., v. WELDY et al.
## No. 3071.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, and W. C. Jackson, of Fort Stockton, for appellant.

Wm. M. Cramer, of Dallas, for appellees.

HIGGINS, Justice.

Weldy brought this suit against Brown & Root, Inc., and J. M. Holcomb to recover damages for personal injuries. Brown & Root, Inc., appeal from an order overruling its plea of privilege to be sued in Travis county.

Briefly stated the facts are as follows:

On May 27, 1933, plaintiff was driving a truck on highway 27, in Pecos county, traveling in an easterly direction. He overtook a tractor driven by Holcomb traveling upon the highway in the same direction. A road grading machine was attached to the tractor. The tractor and road grader were traveling on the left side of the highway. Weldy followed the tractor and grader for some distance until the tractor reached a bridge. While the tractor was upon the bridge, Wel-

dy attempted to pass the tractor and grader on the right side. As he did so, Holcomb suddenly and without warning swerved the tractor to the right resulting in a collision between Weldy's truck and the tractor causing serious personal injury to Weldy. The highway was being constructed. Appellant was the contractor doing the grading. Holcomb was its employee. The grading of the highway had not been fully completed and the work accepted by the highway commission. At the time of the accident, the final grading was being done.

Appellee seeks to sustain the venue in Pecos county under subdivisions 9 and 23 of the Venue Statute. Article 1995, R. S.

Appellant makes no point as to the sufficiency of the evidence to show prima facie that Weldy was guilty of such active negligence as would constitute a trespass within the purview of subdivision 9, if, under the circumstances, he could be considered guilty of negligence at all for which his employer would be held liable. Appellant's theory is that since the highway was under construction and had not been accepted by the highway authorities, plaintiff was not rightfully using the same; that he was in the attitude of a trespasser or licensee, wherefore, no liability is shown.

If actionable negligence is shown, then the venue is properly laid under both subdivisions 9 and 23 of article 1995.

While the evidence shows that the highway had not been fully completed and accepted by the state authorities, yet it was also shown by the testimony of P. H. Caldwell, resident engineer of the state highway department, that the section of the highway where the plaintiff was traveling was being used for traffic.

In view of this testimony, we need not consider the status of a traveler upon a highway under construction which is closed to traffic. It is a matter of common knowledge that portions of highways under construction become suited for traffic in advance of full and final completion of the work and that such portions are thrown open to traffic. A traveler upon such portion cannot be regarded as wrongfully using the same. Upon the contrary, he is rightfully doing so.

A contractor still engaged in work upon such an uncompleted portion of a highway must conduct his work with due regard for the right of travelers thereon. In the work which he continues to do he must exercise

ordinary care for the protection of such travelers and his failure so to do is actionable negligence.

The evidence in this case is sufficient prima facie to show actionable negligence and the action of the lower court in overruling the plea of privilege shows no error.

Affirmed.